[No. 3,709.]

## SANTA BARBARA LIVE STOCK AND FARMING COMPANY v. THOMPSON AND HALL.

OPENING DEFAULT.—If there are two defendants, and one of them is not a real party in interest, and relies on the promise of the other to defend the action, and for that reason is defaulted, it is not an abuse of discretion for the Court to open the default as to him.

APPEAL from the District Court of the Twentieth Judicial District, County of Santa Clara.

In June, 1872, the plaintiffs commenced an action to recover a sum of money alleged to be due for pasturing stock. Summons was served on defendant Thompson, July 29th, 1872, and on defendant Hall, September 4th, in Santa Clara County. At the instance of Thompson, the defendants were allowed until November 15th in which to answer or move for a change of venue. They did not, however, avail themselves of the privilege, and the plaintiff took judgment

against them by default.  On the 10th of December, they gave notice of a motion to open the default, and Hall filed his affidavit, stating that he was not connected, directly or indirectly, with the subject matter of the suit, and that he had relied upon the promises of Thompson, the real party in interest, to see him harmless in the litigation.  Thompson made no showing to excuse his failure to answer.  The Court made an order opening the default as to both the defendants, and the plaintiffs appealed.

*E. J. & J. H. Moore, S. L. Cutter*, and *Moore, Laine & Leib*, for Appellants.

*Bodley & Rankin*, for Respondents.


By the Court:

We think the Court below erred in opening the default against the defendant Thompson.  There was no showing on his behalf to excuse his failure to answer, and, so far as appears from this record, there was no reason why the default against him should be set aside.  But in respect to the defendant Hall, we cannot say, upon the facts disclosed by his affidavit, that the Court abused its discretion in opening the default and permitting him to answer.

On the question of diligence, the showing was not entirely satisfactory, but was not so fatally defective as to justify the conclusion that the Court below abused its discretion in opening the default.

Order reversed as to the defendant Thompson, and affirmed as to the defendant Hall.