[Civ. No. 5767. Third Appellate District.—March 3, 1937.]

FRANK M. BENEDICT, Appellant, v. C. C. CALKINS et al.,
Respondents.

Harvey & Johnston and Ford, Benedict & Ford for Appellant.

Siemon, Claflin & Maas for Respondents.

PULLEN, P. J.—Plaintiff appeals from both an interlocutory and a final decree rendered against him. In form the action was one to quiet title to an undivided one-third interest in certain real property in the county of Kern, and to obtain the cancellation of an agreement for the sale of said interest to the defendants. The real property in question consisted of the northwest quarter of section 33, township 11 north, range 12 west, San Bernardino base and Meridian, upon which certain mine prospecting had been carried on, and was situated a short distance from established mining properties.

At one time title to this property stood in the name of respondent Calkins, but he had conveyed to W. W. Kaye, who held the legal title in trust for his grantor. Kaye, with the consent of Calkins, conveyed an undivided one-third interest to Benedict, plaintiff and appellant herein, at which time it was understood as testified by Calkins and found by the court to be true Benedict agreed that Calkins should have the right and power to sell or lease the entire tract it being agreed that Benedict however was to receive his share of any proceeds therefrom. Apparently Calkins and Benedict could not agree as to the handling of the property and Benedict conveyed his title to Atkin.

On April 7, 1931, Atkin contracted to sell to respondents by a written agreement. This agreement recited that in consideration of $400, $50 of which at the time of execution, was paid by Calkins to him, he, Atkin, sold to Calkins and Siemon all right, title and interest in and to the property in question, the balance on the purchase price to be paid on or before July 15, 1931. Atkin upon his part agreed to execute a proper deed of conveyance of the undivided one-third interest within ten days of the date of the agreement and deposit the same in the First National Bank of Glendale with instructions to deliver the same to Calkins and Siemon upon payment of the balance with interest. If the balance was not paid on that date the bank was to return the deed to Atkin. The balance was not paid on or before July 15, 1931, nor was the same paid until after the interlocutory judgment in this action in 1935.

■ Appellant, to whom Atkin reconveyed his interest, is seeking to forfeit the rights of respondents under the contract by reason of their failure to comply with the terms thereof. It may be that time was made of the essence of the agreement by the language of the contract, or the subject of the contract being mining property, it may be time became of the essence independent of any express stipulation (*Skookum Oil Co.* v. *Thomas,* 162 Cal. 539 [123 Pac. 363], citing 2 Lindley on Mines, sec. 859), both of which contentions are advanced by appellant, but we need not pass upon these points for it is fundamental that appellant cannot claim a default until he had himself performed whatever he agreed to perform under the contract. The agreement provided appellant was to ''deposit a proper deed of conveyance within ten days and allow it to remain there until July 15, 1931''.

The amended answer to the amended complaint denies that Atkin deposited a deed of conveyance to said property with the bank as required by the agreement, and upon that issue the trial court found no such deed had been deposited. An examination of the deed left with the bank pursuant to this provision described the property as ''an undivided one-third of the NW¼ of Section 33, Tp. 11 North, Range 12, M.D.B.&M.'', which very obviously is not a description of the property agreed to be conveyed, and justifies the finding of the trial court. Before appellant may forfeit the contract he must either show he made the tender contracted for or that he made some other tender, and no such showing was attempted.

■ Appellant, to prevail, must show not only that respondents failed to pay the purchase price of the land, but it must also appear that respondents had no excuse for their failure to so comply with their agreement. In *Gist* v. *Security Trust & Sav. Bank,* 218 Cal. 581 [24 Pac. (2d) 153], the purchaser mistook the location of the lot and brought the matter to the attention of the seller. While making no commitment, the seller by his conduct, led the purchaser to believe the mistake would be rectified. No further payments were made by the purchaser, as he waited for action by the seller. The latter undertook to cancel the contract because the payments had not been made strictly within the time required. The court held the seller was estopped to so do.

It was testified, and found to be true by the court, that Atkin, before the commencement of this action, told these defendants on several occasions he was in no hurry for the payment of the balance due on the contract and that defendants could take such time as they desired to pay the balance, and that he would not require them to pay until he had need of the money. At no time while title stood in his name did Atkin notify the defendants to pay the balance or that he needed the money, and at all times recognized the contract as an existing agreement. The complaint in this action was filed December 23, 1933, and early in December of that year respondent Calkins received a letter from Atkin, in regard to which Calkins testified and the court so found, that Atkin at a meeting in response to said letter had offered to discount the contract $100.

Some time prior thereto, and as claimed by appellant through mistake and inadvertence, a deed had been placed on record from Atkin to Calkins. Calkins testified he believed the deed had been delivered to his associate as the consummation of the agreement. The deed, valid upon its face, was effective to convey title unless rescinded. No such proceeding was taken, and while Calkins was investigating this deed the present action was filed.

This being an equitable proceeding, equity will relieve respondents of forfeiture where the breach of duty had not been fraudulent, grossly negligent or wilful (Civ. Code, sec. 3275). Appellant claims the evidence is not sufficient to sustain the finding that the failure to make the payment was not fraudulent or grossly or wilfully negligent, but we believe in view of the foregoing, the evidence clearly supports such finding.

It is also provided in section 1492 of the Civil Code that performance may be made at any time after it is due upon making full compensation, where time has not been expressly declared to be of the essence of the contract. An examination of the contract will reveal that it contains nothing expressly making time of the essence, and in *Veterans Welfare Board* v. *Burt,* 4 Cal. App. (2d) 659 [41 Pac. (2d) 587], it is said:

"Interlocutory decrees in actions of this kind, whereby a defaulting party is given a definite time within which to make defaulted payments, are within the discretion of the

trial court. (*Los Angeles Auto Tractor Co.* v. *Superior Court,* 94 Cal. App. 433 [271 Pac. 363].) Rulings within the court's discretion will not be interfered with in the absence of a clear showing of abuse. (*Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148].)''

We are of the opinion that the judgments from which the appeals herein are taken should be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.