[Civ. No. 6840.   Fourth Dist.   Oct. 26, 1962.]

EDITH CONFORTI, an Incompetent Person, etc., Plaintiff and Appellant, v. LEO C. DUNMEYER et al., Defendants and Respondents.

Marshall Miles for Plaintiff and Appellant.

Wilson & Wilson for Defendants and Respondents.

BROWN, J.*—Appellant and her deceased husband entered into an agreement of sale with respondents to purchase a home for $14,000, payable $3,000 down and $75 per month, in which time was of the essence. They made payments thereon until March 1955. In September 1956 respondents filed an action to foreclose the appellant's interest in said real property because of default in payments. Summons and complaint were served on appellant on September 27, 1956, and a default judgment was granted October 16, 1956.

Appellant's complaint alleged that since the date of default on the contract in March 1955 and during the time of this first suit she was mentally ill, insane and incompetent and that no guardian had been appointed. On November 1, 1956, appellant was committed to Patton State Hospital and was discharged in October 1959 as a person not recovered but whose discharge would not be detrimental to public welfare.

Thereafter, a guardian was appointed for appellant and a suit was filed in July 1960 seeking to set aside the forfeiture in the foreclosure proceedings, alleging that the balance due under the. contract at time of judgment was approximately $9,276.77; offering to pay the balance due on the contract as of October 16, 1956, plus sums for improvements, taxes and repairs, plus interest, and less any amounts received by respondents as rent and the reasonable value of their use of said property since that date; and asking for an accounting under section 707 of the Code of Civil Procedure (statutory rights of redemptioner), alleging that an accounting had been demanded and that appellant had offered to pay respondents the sum due for a reconveyance of said property, which was refused.

In *Bolln* v. *Petrocchi,* 95 Cal.App.2d 589, 592 [213 P.2d 513], the court said, "Accordingly, relief will be granted whether or not time has been made of the essence."

In `Benedict` v. *Calkins,* 19 Cal.App.2d 416 [65 P.2d 831], the court exercised discretion under Civil Code section 1492. Where time is not of the essence, the court may grant a period of time for defaulting party to make the payment.

Respondents successfully demurred to the first three complaints and their demurrer, general and special, to the third amended complaint was sustained without leave to amend. Appellant appeals from the judgment of dismissal.

This court augmented the record by having all the prior

*Assigned by Chairman of Judicial Council.

44

pleadings in this action added to the clerk's transcript. ▮▮ The court may take judicial notice of proceedings of other cases in the same court such as the foreclosure action. (*Pike* v. *Archibald,* 118 Cal.App.2d 114, 117 [257 P.2d 480].)

▮ ▮ This is a proper action in equity and proceedings to set aside a judgment in an action such as this may be made at any time by motion or an independent action in equity. (*Dei Tos* v. *Dei Tos,* 105 Cal.App.2d 81, 84 [232 P.2d 873]; *Olivera* v. *Grace,* 19 Cal.2d 570, 575 [122 P.2d 564, 140 A.L.R. 1328]; *Hammell* v. *Britton,* 19 Cal.2d 72 [119 P.2d 333].)

▮ While in this action there is no allegation of any fraud on the part of the respondents in the conduct of the foreclosure action such as the respondent knew that the appellant was incompetent, as in the *Dei Tos* case, *supra,* the fact that there is no fraudulent design makes no difference in that the principle of the law involved is that ". . . through no fault of his the defendant was not permitted to participate in the proceedings." (See Civ. Code, § 3275; 50 Cal.Jur.2d, Vendor and Purchaser, § 565, pp. 726-727.) Incompetent defendants are entitled to relief in equity such as are characterized as extrinsic mistake. ▮ The general rule is that equity will not interfere with a judgment which is unjust unless it appears that the one whose interest is thus infringed can present a meritorious case. (*Olivera* v. *Grace, supra,* 19 Cal.2d 570; 5 Pomeroy, Equity Jurisprudence, (2d ed.) pp. 4671-4672; 29 Cal.Jur.2d, Judgments, § 170, p. 124; 15 Cal.Jur., Judgments, § 128, p. 29; 3 Freeman, Judgments (5th ed.) p. 2465.)

▮ The requirement that the complaint allege a meritorious case *does not require an absolute guarantee of victory.* "It is enough if the complaint presents facts from which it can be ascertained that the plaintiff has a sufficiently meritorious claim to entitle him to a trial of the issue at a proper adversary proceeding." (*Olivera* v. *Grace, supra,* p. 579.)

▮▮ While the law allows this type of proceeding, it is still necessary for appellant to state a cause of action.

Where the complaint is sufficient against a general demurrer it has been held that a trial court ought not to sustain a special demurrer without leave to amend. (*Olivera* v. *Grace, supra; Kauffman* v. *Bobo & Wood,* 99 Cal.App.2d 322 [221 P.2d 750].) In the *Kauffman* case, *supra,* the court also held that pleadings and amendments should be construed liberally with the object of affording every litigant his day in court and rendering substantial justice to all parties. (*Wennerholm*

v. *Stanford University Sch. of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358].)

### Failure to Plead Ability to Pay

The appellant claims that she has shown ability to make the payments which were due. In her complaint she admits that no payments had been made or tendered to respondents since March 1, 1955, and up to and including the date of foreclosure judgment on October 16, 1956, the amount would be approximately $1,425, plus interest and taxes. She alleges that she gave to her son the sum of $630 in September 1955, and on her committal to the hospital she had approximately $300 in cash. She does allege that she had money on hand available to make each payment as due at that time or now. In her complaint she states that she believes that at the time of her commitment she had enough money to pay all the payments, but in her prayer she prays for the court to allow her a reasonable time to make the payments.

In *Bennett* v. *Hibernia Bank,* 47 Cal.2d 540, 554 [305 P.2d 20], the court said: "Ordinarily equity will not interfere with a judgment on the ground of extrinsic fraud or mistake unless the one whose interests were infringed can present a meritorious case; the plaintiff must plead and prove facts from which it appears, at least prima facie, that if the judgment were set aside and the proceedings were reopened, a different result would probably follow."

Appellant also alleges in her brief that the lower court in its exercise of equitable power would have provided her a redemption period in which she could redeem her property by paying all the sums due under the contract and that a different result would have followed. It is not necessary to guarantee that she definitely would win, but cases where a different result might follow cover situations where testimony by witnesses who would be called upon to testify might or might not prove the case. (*Los Angeles Auto Tractor Co.* v. *Superior Court,* 94 Cal.App. 433 [271 P. 363].) ▮ In the present case she must definitely allege that there would be a different result by showing ability to pay and tender of the amount due.

It is stated in 18 California Jurisprudence, 2d, Equity, section 57, at page 240:

"There is but one form of action, and that form applies as well to a suit in equity as it does to an action at law. Likewise, the pleadings in all civil actions, as well as the rules

by which their sufficiency is determined, are prescribed by statute. A bill in equity for any kind of equitable relief, therefore, with its formal parts governed by the old rules of chancery practice, does not obtain in this state. Instead, the same form of complaint is used in both equitable and legal actions; and this complaint consists simply of a statement, in ordinary and concise language, of the facts that constitute the plaintiff's cause of action. Thus, although the substantive distinction between law and equity is still as naked and as broad as ever, there is no difference, under the California system, between the form of what would otherwise be a bill in chancery and a common-law declaration. Nevertheless, a plaintiff who invokes the aid of equity is bound by the rules that apply to equitable proceedings; . . ."

### Failure to Plead a Tender

In plaintiff's third amended complaint she states that she is able and willing to pay the balance due on the contract as of October 16, 1956, plus sums expended for improvements, taxes, repairs, upkeep, and interest at 6 percent, less amounts received by respondents as rent and the reasonable value of their own use of said property, and further, that she ". . . has demanded an accounting and has offered to pay defendants the sum due them for reconveyance of said property, but defendants have refused said offer and have refused to render an accounting."

In the present case the allegation of the offer also includes the refusal of the respondents to accept.

A person asking for equity must be willing to do equity and this would require in this case that the appellant make a valid tender to the respondents in order to be placed back in possession as of October 1956, or have the property reconveyed, without conditions attached to the offer. (18 Cal. Jur.2d, Equity, §§ 30, 31, pp. 190-195.)

"The general rule is that the party making a tender acts at his own peril and must see to it that the amount tendered is large enough, at least where the correct amount is not within the exclusive knowledge of the creditor. An offer of partial performance is of no effect. A tender is not invalidated, however, by insufficiency in the amount tendered if no objection is made by the creditor to the amount." (47 Cal. Jur.2d, Tender, § 6, pp. 258-259; § 19, pp. 277-278.)

In *Christin* v. *Story*, 119 Cal.App. 326, 334 [6 P.2d 301], the court said: "He had made neither a tender to respondent

nor into court and has failed to plead or prove that he is ready, willing and able to make the payments due.'' (See also *Wilson* v. *Security-First National Bank*, 84 Cal.App.2d 427, 432 [190 P.2d 975].)

Both parties in their briefs have failed to be of much help to the court in citing but a few authorities as to their positions. We do find, however, that in this case the appellant alleges her offer with a condition to deduct amounts received as rent for the use of the property by respondents, and we think that this invalidates the tender.

In *Sutter St. R.R. Co.* v. *Baum*, 66 Cal. 44, 52, 53 [4 P. 916], it is stated that such a tender was not necessary where the plaintiff cannot determine in advance of the suit the amount due because of the need to base the ascertainment of the sum due on facts independent of the terms of the contract. In the present case we have a contract which by its terms can be easily ascertained, not only as to principal, but interest and taxes. To the same effect is *Miller* v. *Cox*, 96 Cal. 339 [31 P. 161], which required an appraisement of property outside the information of the party to become liable.

Appellant makes no request for leave to amend again (which was not necessary), but requested only a reversal of the judgment, basing her statement on the belief that the complaint did state a cause of action, and now makes no argument or request that she could properly amend the complaint if the judgment is reversed. (Code Civ. Proc., § 472c.) Had appellant made an offer to pay all amounts regardless of credits, she would be offering full equity. It is well accepted law that forfeitures are not favored in law or equity.

Here, appellant has submitted four complaints, all similar in defects, and refusal to allow her to amend was not an abuse of discretion by the court. (*Findley* v. *Garrett*, 109 Cal.App.2d 166 [240 P.2d 421].)

Appellant's complaint contains many conclusions of law—she is able and willing to pay and has offered to pay, with no definite fixed sum or no allegation of her ability to pay. However, she has not alleged a proper tender, nor has she shown ability to pay.

In *Black* v. *Arnold Best Co.*, 124 Cal.App.2d 378, 383 [268 P.2d 513], the court said, ''The right to relief from default there authorized is not a matter of right under all circumstances, and that section [Civ. Code, § 3275] presupposes that the party seeking relief from a forfeiture is in default, and

in order to secure relief under its terms it is necessary for him to plead and prove facts that will justify its application."

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied November 21, 1962.