Filed 11/22/23 Bartoumian v. Chin CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| HAGOP BARTOUMIAN, | B324106 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19AVCV00848) |
| v. | |
| TERRY L.C. CHIN, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen T. Morgan, Judge. Affirmed.

Hagop Bartoumian in pro. per. for Plaintiff and Appellant.

No appearance by Respondents.

————————————————

Hagop Bartoumian appeals from the denial of his motion to set aside the dismissal of his personal injury action due to his attorney's mistake, inadvertence, surprise, or neglect. (Code Civ. Proc., § 473, subd. (b).)[1] We affirm.

### *PROCEDURAL BACKGROUND*

On November 13, 2019, Bartoumian filed a personal injury action against Terry L.C. Chin, the County of Los Angeles, the City of Los Angeles, and the State of California for an alleged motor vehicle accident occurring on October 12, 2018.[2] When the parties failed to appear for a final status conference, the trial court issued an order to show cause regarding dismissal and set a hearing for January 29, 2021. That day, when Bartoumian and the defendants failed to appear, the court dismissed the entire action without prejudice for failure to prosecute.

On June 23, 2022, approximately 17 months after the order of dismissal was entered, Bartoumian filed a motion to set aside the dismissal under section 473. In a declaration in support of the motion, Bartoumian's attorney explained he moved his office to a new location in October 2020 and neglected to inform the court of his new address. Although, he submitted a change of address with the postal service, he never received the court's January 20, 2021 order to show cause regarding dismissal and thus failed to appear at the hearing. He did not provide the date he learned of the dismissal or how he learned of it.

---

[1] All further section references are to the Code of Civil Procedure.

[2] The case register shows Bartoumian has not filed proofs of service on defendants and none of the defendants have appeared in the trial court or on appeal.

The trial court denied Bartoumian's motion, finding it was untimely because applications for relief under section 473 had to have been filed within six months after the dismissal order.[3] Bartoumian appealed the ruling and is self-represented on appeal. (*Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809 [an order denying plaintiff's motion under section 473 to vacate an order of dismissal for failure to diligently prosecute the case is appealable].)

## DISCUSSION

On appeal, Bartoumian contends the trial court abused its discretion when it denied the motion to set aside the dismissal because "the policy of the law is to have every litigated case tried upon its merits, and the court looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary." In support of his argument, Bartoumian cites eight cases without attempting to explain how they are relevant to this appeal. We have read each of the cases and are not

---

[3] Under section 473, subdivision (b), a court may, "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." An application for discretionary relief under section 473 must be "made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).) The same subdivision also provides that a court "shall" vacate any dismissal "whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise or neglect . . . ." (*Ibid.*)

3

persuaded to reverse based on these authorities.  All are distinguishable.

In each of the cases, the request for relief was either timely made or was based on a court's inherent equity power rather than  section 473.  (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 855 [relief from a default judgment properly granted under court's inherent equity power where there has been extrinsic fraud or mistake]; *Freeman v. Goldberg* (1961) 55 Cal.2d 622, 625 [motion to vacate under section 473 was timely made within two and one-half months after plaintiff learned that his motion to tax costs had been denied]; *Waybright v. Anderson* (1927) 200 Cal. 374, 380 [application to set aside dismissal, made one month after entry of judgment of dismissal, was timely]; *Berri v. Rogero* (1914) 168 Cal. 736, 739 [motion for relief from default was not made under section 473 and was filed one month after default entered]; *Crane v. Kampe* (1964) 225 Cal.App.2d 200, 204 [motion for relief from default sought to invoke the court's equity powers, not section 473]; *Stout v. Bakker* (1963) 212 Cal.App.2d 78, 84 [motions for relief from default under section 473 "were made well within the six-month period allowed"]; *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 533 [evidence was insufficient to justify an order setting aside a default where defendant failed to explain three-month delay in seeking relief under section 473 even after defendant learned of the default]; *Montijo v. Robert Sherer & Co.* (1907) 5 Cal.App. 736, 738 [motion to set aside default made one week after judgment entered].)

None of the cases presents analysis or facts material to whether Bartoumian filed his application for relief within the timeline specified in section 473.  Although there are no respondents in this appeal and thus no respondent's briefs,

4

Bartoumian "still bears the 'affirmative burden to show error whether or not the respondent's brief has been filed.' " (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110.) Bartoumian has failed to meet his burden on appeal to demonstrate the trial court prejudicially erred.

We also reject Bartoumian's reliance on section 473.5 for relief. First, Bartoumian has forfeited this argument because he did not seek relief on this ground in the trial court. (*Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 830.) Second, section 473.5 allows a party who lacked actual notice of the action to seek to set aside a default judgment. Bartoumian, as the plaintiff in the matter, had actual notice of the action; he filed it. Under these circumstances, section 473.5 does not apply to Bartoumian.

## DISPOSITION

The August 16, 2022 order denying relief under section 473 is affirmed.


RUBIN, P. J.

WE CONCUR:



MOOR, J.



KIM, J.