[Civ. No. 25464. Fourth Dist., Div. Two. May 12, 1982.]

MARGARET DON, Plaintiff and Appellant, v.
RAYMOND CRUZ, Defendant and Appellant.

COUNSEL

Herbert Hafif and Wayne J. Austero for Plaintiff and Appellant.

Moore, Graves & Madory, Horvitz & Greines, Ellis J. Horvitz and S. Thomas Todd for Defendant and Appellant.

---

OPINION

**THE COURT.**\*—This appeal raises novel questions about (1) a defendant's right to be relieved from a default taken as a result of the unexcused neglect of the defendant's insurance carrier and (2) the authority of a trial court to entertain a new trial motion after a default judgment.

Plaintiff and defendant were involved in an automobile collision on May 7, 1979. Plaintiff filed her complaint on October 2, 1979, to recover damages for personal injuries sustained in the collision. After unsuccessfully attempting service by mail (see § 415.30), plaintiff succeeded in personally serving defendant with summons, a copy of the complaint, and a statement of damages on March 21, 1980.[1] No responsive pleading having been filed, defendant's default was entered on May 2, 1980.

Over six months later, on November 13, plaintiff requested a judgment hearing. (§ 585, subd. (b).) On November 20, defendant filed a notice of motion to vacate the default on grounds of extrinsic fraud or mistake.

The judgment hearing was held on November 26 and resulted in a judgment for plaintiff in the amount of $100,000. On December 4, defendant's motion to vacate the default was heard and denied.

On December 19, defendant filed a "notice of motion to vacate and set aside default and judgment thereon," which recited that the motion was made "on the grounds that the default judgment was obtained by misrepresentation and concealment on behalf of plaintiff's counsel, that the amount of the judgment is excessive as a matter of law, and is otherwise contrary to the evidence, that the underlying default was improperly entered and is therefore void, and that the default and judg-

---

\*Before Morris, P. J., and Kaufman, J.

[1]Unless otherwise indicated, all section references in this opinion are to the Code of Civil Procedure.

ment thereon were taken against the moving defendant by mistake, surprise, inadvertence and/or excusable neglect of defendant and his counsel." Upon the hearing of this motion, the court set aside the default judgment but without vacating the default. The basis of the ruling is not stated in the minute order.

Defendant filed a notice of appeal from the order of December 4 denying his motion to vacate the default and plaintiff filed a notice of appeal from the order setting aside the default judgment.

On her appeal, plaintiff contends the trial court lacked authority to set aside the default judgment on any basis other than extrinsic fraud or mistake and defendant failed to prove that the default judgment was the result of extrinsic fraud or mistake. On his appeal, defendant contends that the failure to grant relief from default was an abuse of discretion in light of the uncontradicted evidence that he reasonably relied on his insurance carrier to defend the action.

For the reasons stated below, we have concluded that defendant must be charged with the unexcused neglect of his insurance carrier and we have decided to affirm the order setting aside the default judgment as a proper exercise of authority to grant a new trial where the damages awarded are excessive as a matter of law.

I

*Defaulting defendant charged with unexcused negligence of insurance carrier which has undertaken representation.*

Defendant has filed a notice of appeal from the order denying his motion to vacate the default. ■ The order denying the motion is nonappealable but may be reviewed on appeal from the default judgment. (*Uva v. Evans* (1978) 83 Cal.App.3d 356, 360 [147 Cal.Rptr. 795].) Although defendant did not mention the default judgment in the notice of appeal, a notice of appeal is liberally construed in favor of its sufficiency (rule 1(a), Cal. Rules of Court), and "'courts have often upheld mistakenly stated appeals.'" (*Call* v. *Los Angeles County Gen. Hosp.* (1978) 77 Cal.App.3d 911, 915 [143 Cal.Rptr. 845], quoting *Channell v. Anthony* (1976) 58 Cal.App.3d 290, 302 [129 Cal.Rptr. 704].) Thus we may construe the notice of appeal as being taken from the default judgment. ■ Although the judgment itself was vacated, plaintiff's appeal from the order vacating the judgment permits defen-

dant to cross-appeal from the judgment. (Rule 3(c), Cal. Rules of Court.) In such a situation, the appeal from the order vacating the judgment is normally considered first and if affirmed the appeal from the judgment becomes moot and is dismissed. (*Milton v. Hudson Sales Corp.* (1957) 152 Cal.App.2d 418, 441 [313 P.2d 936].) If an issue raised on the cross-appeal would not be mooted by affirmance of the order vacating judgment, however, the cross-appeal should be considered first. (*Ibid.*) Such is the case here. The default has not been set aside and the validity of the order denying the motion to vacate the default will not be moot if the order vacating the judgment is affirmed. Accordingly, defendant's appeal is considered first.

Defendant concedes that his motion to vacate the default was not timely as a motion under section 473 and was addressed to the court's equitable powers to vacate a default resulting from extrinsic fraud or mistake. In support of the motion, defendant submitted a declaration in which he stated, in substance, that he had notified his insurance carrier of the accident and of the service of process and had relied upon the carrier to defend the action. Defendant frankly concedes that "the record does not contain any explanation why [the carrier] did not file a timely answer on defendant's behalf," but takes the position that this omission is "not significant."

More particularly, defendant maintains that there are two categories of cases involving reliance by a defendant on a third party. The first category includes cases where the defendant relies upon an attorney retained for the purpose of defending the action. ■ In such cases, the general rule is that the attorney's inexcusable negligence is charged to the client and the client is relegated to an action against the attorney for malpractice. (*Conway v. Municipal Court* (1980) 107 Cal.App.3d 1009, 1017 [166 Cal.Rptr. 246]; *Buckert v. Briggs* (1971) 15 Cal.App. 3d 296, 301 [93 Cal.Rptr. 61]; *Orange Empire Nat. Bank v. Kirk* (1968) 259 Cal.App.2d 347, 353 [66 Cal.Rptr. 240].) The second category includes cases where the defendant relies upon a codefendant or employer to defend the action. In such cases, courts have generally required only a showing that the defendant's reliance was reasonable without inquiring into the conduct of the codefendant or employer. (See *Desper v. King* (1967) 251 Cal.App.2d 659, 664 [59 Cal.Rptr. 657]; *Crane v. Kampe* (1964) 225 Cal.App.2d 200, 205-208 [37 Cal.Rptr. 220].) Defendant contends that reliance upon an insurance carrier falls within the second category of cases and therefore defendant need not supply any explanation for the carrier's failure to act.

The rule thus proposed, in our opinion, is not a good one and should not be followed in the absence of compelling authority. In a personal injury action the defendant's insurer is, in effect if not in law, the real party in interest (see *Lieberman* v. *Aetna Ins. Co.* (1967) 249 Cal.App. 2d 515, 524 [57 Cal.Rptr. 453] [carrier has standing to bring motion to vacate judgment against insured]), yet the proposed rule would permit the insurer to willfully or recklessly ignore filing deadlines with impunity, shielding itself behind the blamelessness of its insured while it makes a shambles of orderly procedure. "When inexcusable neglect is condoned even tacitly by the courts, they themselves unwittingly become instruments undermining the orderly process of the law." (*Transit Ads, Inc.* v. *Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275, 282 [75 Cal.Rptr. 848].)

This precise point is not directly discussed in any of the cases we have consulted. In most cases where relief has been granted on the basis that a defendant reasonably relied on an insurance carrier, the defendant's showing has included an explanation justifying the carrier's failure to act on his behalf. (E.g., *Weitz* v. *Yankosky* (1966) 63 Cal.2d 849 [48 Cal.Rptr. 620, 409 P.2d 700] [defendant mailed summons and complaint to carrier but documents never arrived and carrier received no other notice]; *Lieberman* v. *Aetna Ins. Co., supra,* 249 Cal.App.2d 515 [carrier's employee mistakenly thought only one of two defendants, both insured by carrier, had been served]; *Shields* v. *Siegel* (1966) 246 Cal.App.2d 334 [54 Cal.Rptr. 577] [summons and complaint delivered to carrier but apparently lost or misfiled by clerk]; *Pelegrinelli* v. *McCloud River etc. Co.* (1905) 1 Cal.App. 593 [82 P. 695] [carrier never notified of service of summons and complaint]. See also, Annot., 87 A.L.R.2d 870.)

*Ramsey Trucking Co.* v. *Mitchell* (1961) 188 Cal.App.2d Supp. 862 [11 Cal.Rptr. 283], does provide some authority for defendant's position. There the defendant relied on his insurance carrier and no explanation appears for the carrier's inaction. On the other hand, in *Greenwell* v. *Caro* (1952) 114 Cal.App.2d 35 [249 P.2d 573], the defendants seeking to vacate a default under section 473 submitted an affidavit by an adjuster of their insurance carrier stating that he had been conducting negotiations with plaintiff's attorney and believed an extension of time to answer had been granted. The plaintiff objected that the affidavit was irrelevant because an insurer is not a legal representative of the defendant within the meaning of section 473 which permits a court to grant relief to a "party or his or her legal representative." The court's

holding rejecting this contention is authority for the proposition that a defendant's reliance on his or her insurance carrier is legally equivalent to reliance on an attorney.

■ In summary, we find no compelling authority for defendant's position. For the reasons stated, we reject it and conclude that a defendant seeking to vacate a default, either under section 473 or by appeal to the court's equitable powers, who alleges reasonable reliance on an insurance carrier must also establish justification for the inaction of the carrier. As defendant concededly failed to make any showing that his carrier's inaction was excusable, the trial court's order denying relief from default was not an abuse of discretion.

## II

*Authority of trial court to vacate default judgment on ground that damages are excessive as a matter of law.*

Turning to plaintiff's appeal, we consider first the question whether the court below could vacate the default judgment on the ground of excessive damages awarded at the judgment hearing.

■ The court's ruling may not be upheld as an exercise of its power under section 473 to vacate a judgment taken through mistake, inadvertence, surprise or excusable neglect. Awarding of excessive damages might be characterized as a "mistake" by the court, but section 473 has no application to judicial mistakes but only to mistake, inadvertence, surprise or excusable neglect of the moving party. (*Consolidated Const. Co. v. Pacific E. Ry. Co.* (1920) 184 Cal. 244, 247 [193 P. 238]; *Lavrischeff* v. *Blumer* (1978) 77 Cal.App.3d 406, 411 [143 Cal.Rptr. 567].) As defendant did not and could not participate in the judgment hearing, any action taken at that hearing (as distinguished from the entry of default) could not be the result of any mistake by the defendant.[2]

---

[2] It is sometimes stated that fraud is a proper ground for relief under section 473 even though not mentioned in that section. (E.g., *Rice* v. *Rice* (1949) 93 Cal.App.2d 646, 651 [209 P.2d 662]; 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 130, p. 3706.) To the extent that fraud has influenced the moving party's conduct, it is simply an explanation for the moving party's mistake or excusable neglect. If the fraud has influenced only the conduct of the court, however, and not that of the moving party, as is generally true where the fraud is intrinsic, it would not appear to be a proper ground under section 473. The court's power to vacate a judgment procured by intrinsic fraud is beyond question, but it would seem that the power

A default judgment which is in excess of jurisdiction may be set aside at any time either by motion or by an independent action in equity. (*Kass* v. *Young* (1977) 67 Cal.App.3d 100, 105 [136 Cal.Rptr. 469].) A default judgment which awards relief in excess of that requested in the complaint or, if it is a personal injury action, in the statement of damages, is in excess of jurisdiction (*Swycaffer* v. *Swycaffer* (1955) 44 Cal.2d 689, 693 [285 P.2d 1]), but awarding damages which are excessive as a matter of law is not a jurisdictional error. (See *Armstrong* v. *Armstrong* (1976) 15 Cal.3d 942, 950 [126 Cal.Rptr. 805, 544 P.2d 941].)

A trial court has inherent power to set aside a judgment entered through its own inadvertence or improvidence, such as a judgment which does not express the court's true intention or where the court acted in ignorance of some material fact of record. (*Key System Transit Lines* v. *Superior Court* (1950) 36 Cal.2d 184, 187-188 [222 P.2d 867]; *Phillips* v. *Trusheim* (1945) 25 Cal.2d 913, 916-917 [156 P.2d 25].) "But where the error is inherently judicial rather than clerical or inadvertent, the court has no power to amend its decision." (*Estate of Burnett* (1938) 11 Cal.2d 259, 262 [79 P.2d 89].) Awarding damages which are excessive as a matter of law is judicial error rather than inadvertent or clerical error. (See *Stevens* v. *Superior Court* (1936) 7 Cal.2d 110, 112-114 [59 P.2d 988].)

The only conceivable basis for action by the trial court to vacate a default judgment on the ground of excessive damages is the statutory motion for new trial. (See § 655 et seq.) Subdivision 5 of section 657 specifically provides that a new trial may be granted for the cause of "excessive or inadequate damages," and subdivision 6, which applies where "the verdict or other decision is against law" includes instances where the damages are either excessive or inadequate as a matter of law. (See *Smith* v. *Moffat* (1977) 73 Cal.App.3d 86, 93, fn. 6 [140 Cal.Rptr. 566].)

In *Carney* v. *Simmonds* (1957) 49 Cal.2d 84 [315 P.2d 305], our Supreme Court disapproved earlier cases holding that a motion for new

---

is inherent rather than statutory. (See *McGuinness* v. *Superior Court* (1925) 196 Cal. 222, 230-232 [237 P. 42, 40 A.L.R. 1110].) The six-month limitation for bringing a motion to vacate on grounds of intrinsic fraud would seem to be a judicially established rule of procedure. (Cf. *Consolidated Const. Co.* v. *Pacific E. Ry. Co., supra*, 184 Cal. 244, 247-248.)

trial was not available after a default judgment to the extent that those cases relied on the theory that "a motion for a new trial should not be entertained where the only issue tried is one of law as distinguished from one of fact or one of law and fact." (At p. 90.) The court held that "a motion for new trial is proper procedure ... whether the judgment is based on law or fact or both, except possibly in the case of default judgments or judgments by agreement or confession where there may be the question of the right of the moving party to make any objection to the judgment." (*Ibid.*) Accordingly, use of the new trial motion after a default judgment is not precluded by the absence of a trial in the traditional sense, but it may be precluded if the ground of the motion is one which a defaulting party is not permitted to assert. (See *Jacuzzi* v. *Jacuzzi Bros., Inc.* (1966) 243 Cal.App.2d 1, 20-22 [52 Cal.Rptr. 147].)

In *Uva* v. *Evans, supra,* 83 Cal.App.3d 356, the court reviewed the available authorities and concluded that on appeal from a default judgment following a judgment hearing, the defaulting defendant may assert that the damages awarded were excessive: "... we believe that the right to appellate review flows logically from the fact that damages must be proved in the trial court before the default judgment may be entered. (§ 585, subd. 2.) The requirement of proof of damages is meaningless if it can be fulfilled by *any* evidence, even evidence which results in a judgment prompted by 'passion, prejudice or corruption.' Yet without appellate review, such a judgment would stand. When the trier of fact in a default case is a jury the trial court is not bound by that jury's assessment of damages. [Citation.] While the role of the appellate court in reviewing damages is much more limited than that of the trial court reviewing a jury verdict, the policies which sanction such review are not dissimilar: just as the trial court need not sit idly by and watch injustice be done through an improper award by the jury, we know of no statutory or constitutional barrier which requires an appellate court to ignore gross injustice in the award of damages simply because the judgment was procured by way of default." (*Uva* v. *Evans, supra,* 83 Cal.App.3d 356, 364; original italics.)

We see no reason to preclude a defaulting party from seeking a new trial (or, more precisely, a new judgment hearing) on the ground that damages are excessive as a matter of law when the same contention may be urged on direct appeal from the default judgment. The argument that the remedy by direct appeal "flows logically from the fact that damages must be proved in the trial court before the default judgment may be entered" applies with equal force to the remedy by motion

for new trial. It would be anomalous to hold that the trial court has the power to grant a new trial where a fairly contested trial has resulted in an award which is excessive as a matter of law but may not do so where the excessive award results from an ex parte proceeding. Moreover, trial court remedies such as the new trial motion "ordinarily are speedier and require a smaller expenditure of public and private resources" than an appeal. (*Lippert* v. *AVCO Community Developers, Inc.* (1976) 60 Cal.App.3d 775, 777 [131 Cal.Rptr. 730].) We expect that fewer appeals will be filed if an adequate remedy exists in the trial court and this will benefit courts and litigants alike.[3]

Although apparently neither defendant's counsel nor the court realized that the new trial motion was the proper remedy, the procedure followed conforms in all essential respects to the required procedure for a new trial motion. For example, the notice of motion was filed within 15 days after service of notice of entry of judgment (§ 659, subd. 2) and it clearly recited the grounds of the motion, including "that the amount of damages is excessive as a matter of law" (§ 659, 1st par.) The motion was heard and determined by the judge who presided at the judgment hearing (§ 661) within 60 days after service of notice of entry of judgment (§ 660, 3d par). If the ground of the motion had been excessive damages under subdivision 5 of section 657, failure of the order granting the motion to specify that ground and the absence of a written specification of reasons would be fatal defects. (See *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 111-118 [65 Cal.Rptr. 315, 436 P.2d 315]; *Smith* v. *Moffat, supra*, 73 Cal.App.3d 86, 92.) However, we are not concerned with the court's power under subdivision 5 of section 657 to grant a new trial for excessive damages by a process of reweighing the evidence. Rather, we are concerned with the court's power under subdivision 6 of the same section to grant a new trial where the decision is "against law." This is the ground specified by defendant in the notice of motion, and it is the standard applied by the court in *Uva*. An order granting new trial may be affirmed on this ground if stated in the motion, even though not specified in the order or supported by a specification of reasons. (See *Treber* v. *Superior Court* (1968) 68 Cal.2d 128, 133 [65 Cal.Rptr. 330, 436 P.2d 330]; *In re Marriage of Beilock* (1978) 81 Cal.App.3d 713, 728 [146 Cal.Rptr. 675].)

---

[3]As our Supreme Court has stated: "When defendants first challenge the damage award on appeal, without a motion for a new trial, they unnecessarily burden the appellate courts with issues which can and should be resolved at the trial level." (*Schroeder* v. *Auto Driveaway Co.* (1974) 11 Cal.3d 908, 919, fn. omitted [114 Cal.Rptr. 622, 523 P.2d 662].)

We conclude that a trial court has authority to grant a new trial after a default judgment on the ground that damages are excessive as a matter of law, that defendant properly invoked that authority in the present case, and that the trial court's exercise of that authority is properly before us for review.

III

*Damages excessive as a matter of law.*

At the judgment hearing, plaintiff's counsel reminded the court that plaintiff had requested general damages in the amount of $250,000. Plaintiff testified she was a passenger in an automobile stopped at a red light when the vehicle was struck from the rear by a pickup truck driven by defendant. Plaintiff was 49 years old, with no history of neck or back pain before the accident. At the time of her testimony, she was experiencing neck and back pain "most of the time," numbness in her leg from hip to knee and migraine headaches. Her neck and back pain "goes and comes quite frequently." Before the accident she had worked about six hours per day as vice-president of her husband's company but she no longer performed that work. Asked whether this change was a result of the neck pain, she stated: "Well, I'm not able to stay around too frequently and I do get the headaches."

Plaintiff's physician, a family practitioner, testified that he examined plaintiff on the day following the collision and diagnosed cervical and low back strain. He had subsequently seen plaintiff about 10 times on office visits. His present diagnosis of plaintiff's condition was chronic cervical strain, chronic low back strain and chronic paresthesia of the left upper thigh. As the symptoms had persisted for over a year, her condition "more probably than not" would continue for the rest of her life. The neck and low back problems he attributed to the automobile accident but he could not say that the numbness of the thigh was caused by the accident and a consulting neurologist had identified a different cause. He had not diagnosed migraine headaches but stated that muscle tension headaches might be associated with the neck problem. Plaintiff had not been seen by an orthopedist.

At the conclusion of the evidence, the court asked plaintiff's counsel: "And you apparently had no communication from anyone in this regard? Apparently he is uninsured?"

Counsel replied: "Yes, we have, your Honor. This is a case, your Honor, that has a background of an insurance company who has had notice of this case for over eight months and takes the position that they don't have to answer this complaint. I am at this time willing to offer, put on the record, that I will give the defendant in this case a covenant not to execute against him personally in exchange for his rights against his insurance company. This is a case, your Honor, if your Honor wants to get into the background, it involves a conscious disregard of this whole system and that's the background of this case. There is insurance involved and we do not intend in any way to execute against the defendant personally."

The court then stated: "Very well. The court renders judgment in favor of the plaintiff as against Mr. Cruz in the sum of $100,000 plus costs. And I am stretching it there, counsel."

· (6) A verdict or decision is against law if it is not supported by substantial evidence. (*Sierra Pacific Industries* v. *Carter* (1980) 104 Cal. App.3d 579, 583 [163 Cal.Rptr. 764]; *Musgrove* v. *Ambrose Properties* (1978) 87 Cal.App.3d 44, 56 [150 Cal.Rptr. 722].) Where the evidence relates to the amount of damages, the proper test is the one used by appellate courts, that a damage award is not supported by substantial evidence if it is so grossly disproportionate as to raise a presumption that it is the result of passion or prejudice. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 64 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Cunningham* v. *Simpson* (1969) 1 Cal.3d 301, 308 [81 Cal.Rptr. 855, 461 P.2d 39].) In making this assessment, the court may consider, in addition to the amount of the award, indications in the record that the fact finder was influenced by improper considerations. (See, e.g., *Cunningham* v. *Simpson, supra*, at p. 310; *Zhadan* v. *Downtown L.A. Motors* (1976) 66 Cal.App.3d 481, 500-501 [136 Cal.Rptr. 132].)

Plaintiff's evidence of damages established only that plaintiff was experiencing chronic low back and neck pain with associated muscle tension headaches. When asked whether the pain interfered with her employment, plaintiff's answer was vague and unresponsive. Plaintiff's physician testified that the numbness in plaintiff's thigh was not a result of the accident and he had not diagnosed migraine headaches. He did not testify that plaintiff's condition was in any way disabling or that all methods of treatment had been exhausted. Plaintiff had never been seen by an orthopedist. In short, the evidence showed only some degree

of discomfort without substantial evidence of disability. While permanent pain in any significant degree of intensity justifies a substantial award, the award of $100,000 was unquestionably generous on the evidence presented.

Here the record also indicates that the court inquired whether the defendant was insured. Plaintiff's attorney replied that there was an insurer, the insurer had been uncooperative and had displayed "a conscious disregard of this whole system," and plaintiff would only enforce the judgment to the extent of the insurance coverage. In awarding $100,000 in damages, the court stated on the record it was "stretching it."

The existence of insurance coverage and the attitude displayed by the insurance carrier were matters which should not have been raised at the judgment hearing and which could not properly be considered in assessing general damages. The court's statement that it was "stretching" the award raises a strong inference that the court was influenced by improper considerations. In light of the nature of plaintiff's injury and the unfortunate discussion concerning defendant's insurer, we agree with the determination of the court on the motion for new trial that the damages are not supported by substantial evidence and therefore are "against law."

The order granting a new judgment hearing is affirmed. The appeal from the default judgment is dismissed. The parties shall bear their own costs on this appeal.