Filed 9/22/14  Franklin & Seidelmann v. Chao CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| FRANKLIN & SEIDELMANN, INC., | D065195 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2012-00091628-CU-BC-CTL) |
| DAVID J. CHAO et al., | |
| Defendants and Appellants. | |


APPEAL from an order of the Superior Court of San Diego County, Richard E.L. Strauss, Judge.  Appeal dismissed.


Olins Riviere Coates & Bagula, Mark S. Bagula, Russell F.A. Riviere and Aminta C. Raffalovich for Defendants and Appellants.

The Grant Law Firm, Miles D. Grant and Alexander J. Kessler for Plaintiff and Respondent.

David J. Chao, M.D. (Dr. Chao), and David J. Chao, M.D., Inc. (Chao, Inc.) (together, Defendants), attempt to appeal from an order denying their statutory motion to

vacate orders entering their defaults (Order) in the underlying action filed by Franklin & Seidelmann, Inc. (Plaintiff). However, the Order is not an appealable order, and Defendants did not appeal from the related judgment. Thus, we lack jurisdiction and must dismiss the appeal.[1]

## PROCEDURAL HISTORY

In February 2012, Plaintiff filed the underlying breach of contract complaint against Oasis MSO, Inc., individually and doing business as Oasis Sports Medical Group, Inc. Because Oasis's involvement does not affect the jurisdictional issue on which we decide this appeal, we will omit further mention of Oasis. In June 2012, Plaintiff filed a first amended complaint against Defendants.

Following Plaintiff's requests, the clerk entered Dr. Chao's default on August 3, 2012, and Chao, Inc.'s default on August 31, 2012.

By motion and supporting documents filed October 7, 2013, Defendants requested an order setting aside the defaults and granting leave to defend the action pursuant to Code of Civil Procedure section 473.5. Plaintiff filed written opposition to Defendants' motion, and Defendants filed written reply to Plaintiff's opposition.

---

[1] We requested supplemental briefing on the jurisdictional issue. (Gov. Code, § 68081.) We received and have considered a response from Defendants.

2

Two days after Defendants had filed their motion, on October 9, 2013,[2] the court filed a default judgment, awarding Plaintiff $106,983.10 against Defendants.  On November 5, 2013, Plaintiff gave Defendants written notice of entry of the judgment.

Meanwhile, also on November 5, 2013, the court heard oral argument on Defendants' motion to vacate the entries of default, confirmed the tentative ruling and denied the motion.

Defendants timely appealed from the Order by notice filed January 3, 2014.

ANALYSIS

Appellate courts have jurisdiction over a direct appeal, like the present one, only where there is an appealable order or judgment.  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  "A trial court's order is appealable when it is made so by statute."  (*Ibid.*; see *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 ["The right to appeal is wholly statutory."], citing Code Civ. Proc., § 904.1.)

When the motion to vacate the default is denied *before* entry of the default judgment, "the order denying the motion to vacate the default is not independently appealable," but rather may be reviewed only "on an appeal from the judgment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.)  The issue here is whether we have jurisdiction to review entry of the default when the denial of the motion to vacate the

---

2    Plaintiff had submitted the evidence and points and authorities in support of the default judgment almost 10 months earlier in December 2012.

default occurs *after* entry of the default judgment and there is no appeal from the judgment.

Without mentioning appellate review of the judgment, Defendants gave notice that they were appealing *only* from an "order in this case, which was entered on . . . November 5, 2013" (i.e., the Order), further identifying it as "[a]n order after judgment under Code of Civil Procedure section 904.1[, subdivision ](a)(2)." However, not every postjudgment order that follows a final appealable judgment is appealable. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*).) For a postjudgment order to be appealable, it must meet two additional prerequisites: (1) "the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment"; and (2) " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' " (*Id.* at pp. 651-652.) Assuming, without deciding, that the judgment here was appealable, the Order does not meet either of these requirements for an appealable postjudgment order.

With regard to the first condition, if there were no requirement that new issues be presented in the postjudgment order, then an undesired result would be to " 'allow[] two appeals from the same ruling' " — one appeal from the judgment and a second appeal from the postjudgment order. (*Lakin*, *supra*, 6 Cal.4th at p. 651.) Here, Defendants contend that an appeal from the default judgment would have raised only the issue "whether the trial court erred in entering default judgment," whereas this appeal from the Order "is limited to the issue of whether notice [of the first amended complaint] was properly effectuated on [Defendants] and whether the court lacked jurisdiction over

4

[Defendants]." Although presumably the ultimate relief Defendants seek is to vacate the judgment, in either appeal the only issue to be decided is whether the trial court erred in entering Defendants' defaults. Therefore, the first condition is not satisfied.

With regard to the second condition, the judgment directed Defendants to pay Plaintiff $106,983.10, and the Order denied Defendants' request to vacate the defaults that preceded the judgment. Thus, the Order here " 'neither added to nor subtracted from the relief granted in the judgment, nor did [it] adjudicate any rights or establish any liabilities' " of the parties. (*Lakin*, *supra*, 6 Cal.4th at p. 654.) Pragmatically, even if the Order were reversed — and we neither decide nor imply that it should be — Defendants would not receive the ultimate relief they want (that the judgment be vacated), because the judgment would still be in effect and enforceable. Regardless what happens to the Order, the judgment filed October 9, 2013, is final and no longer subject to appellate review. (See Cal. Rules of Court, rule 8.104(a)(1) [outside limit to appeal is 180 days after entry of judgment].)

Defendants argue that the Order is independently appealable as a special order after a judgment on a statutory motion for relief.[3] Defendants' authorities are inapposite, however, because each case on which Defendants rely satisfies the two *Lakin* requirements, in that each involved *a postjudgment motion* directed to *an existing final*

---

[3] Defendants' authorities mention only Code of Civil Procedure section 473 as the basis of such a statutory motion. We will assume, without deciding, that the motion Defendants brought under Code of Civil Procedure section 473.5 is also such a statutory motion.

5

*judgment.* (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1134 (*Shapiro*) ["motion to set aside the default and default judgment"]; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1006 (*Doppes*) ["motion to set aside the judgment"]; *Don v. Cruz* (1982) 131 Cal.App.3d 695, 698 (*Don*) [" 'motion to vacate and set aside default and judgment thereon' "].) Here, in contrast, as established *ante*, the Order fails to satisfy the *Lakin* requirements, in that the Order followed from *a prejudgment motion* filed at a time *before a judgment existed* and, thus, was not directed to an existing judgment.

We are aware of our obligation to "liberally construe[]" the notice of appeal. (Cal. Rules of Court, rule 8.100(a)(2); see *In re Joshua S.* (2007) 41 Cal.4th 261, 272.) However, where a notice of appeal unambiguously references a specific document and fails to mention another, the notice is inadequate to allow review of the other unspecified document. (See *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46-47 [no jurisdiction to review postjudgment order for fees where notice of appeal unambiguously identified only the judgment]; *Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1045 ["Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed."].)[4] Accordingly, here, because the notice of appeal unambiguously identifies only the Order and fails to mention

_____

[4] *Uva v. Evans* (1978) 83 Cal.App.3d 356, also cited by Defendants, did not involve a liberal construction of the notice of appeal, since there (unlike here) the defendant/appellant's notice expressly identified the judgment that was entered after the defaults were taken. (*Id.* at p. 360.)

the judgment, we are precluded from applying the doctrine of liberal construction in order to save an appeal from the judgment.[5]

We are not unsympathetic to Defendants' current inability to obtain appellate review of the Order, arguably in part due to the delay of the superior court in acting on the defaults and entering judgment. However, given that Defendants and their counsel received notice of entry of the judgment on November 5, 2013, and filed their notice of appeal on January 3, 2014, had they identified the judgment in the notice, they could have timely preserved their right to appellate review of both the validity of the entries of default and its effect on the judgment. Indeed, Defendants essentially concede their error by acknowledging that the Order "can be reviewed on an appeal from the judgment" and then suggesting that their "appeal is from the default judgment entered on October 9, 2013, notice of which was served on November 5, 2013." In fact, however, Defendants' appeal is *only* from the Order and *not* from the judgment.

---

[5]  Even if the notice of appeal had generically described the results of the motion rather than identifying the Order by date, we still could not construe the notice to include an appeal from the judgment, because the motion did not seek any relief related to the judgment — unlike the authorities on which Defendants rely. (*Shapiro*, *supra*, 164 Cal.App.4th 1128, [motion to set aside judgment]; *Doppes*, *supra*, 174 Cal.App.4th 1004, [motion to set aside judgment]; *Don*, *supra*, 131 Cal.App.3d 695, [motion to vacate and set aside judgment].)

DISPOSITION

The appeal is dismissed for lack of jurisdiction.


                                                              IRION, J.

WE CONCUR:


BENKE, Acting P. J.


McDONALD, J.