Filed 9/17/21 Rodriguez v. Viveros CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JESUS FLORES RODRIGUEZ et al., | |
| Plaintiffs and Appellants, | G059078 |
| v. | (Super. Ct. No. 30-2018-01028010) |
| NORMA VIVEROS, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Deborah C. Servino, Judge. Affirmed.

The Younger Law Firm and Robert J. Younger for Plaintiffs and Appellants.

Davis & Associates and Monte R. Davis, Jr., for Defendant and Respondent.

\* \* \*

## INTRODUCTION

Plaintiffs Jesus Flores Rodriguez and Ricardo Cervantes (plaintiffs) appeal from the trial court's order granting defendant Norma Viveros's motion to set aside the default and vacate the default judgment entered against her and for leave to file her proposed answer. We affirm. The trial court did not abuse its discretion by granting the motion under Code of Civil Procedure section 473, subdivision (b) (section 473(b)). Substantial evidence showed the default and default judgment were entered as a result of defendant's excusable neglect and that she was reasonably diligent in seeking to have the default set aside and the default judgment vacated.

## FACTS AND PROCEDURAL HISTORY

### I.

### THE COMPLAINT

In October 2018, plaintiffs filed a complaint for negligence against defendant. The complaint alleged: "On October 26, 2016, Plaintiff Jesus Flores Rodriguez was driving his 2005 Scion TC . . . and was traveling northbound on Bristol Street when before crossing the intersection of Santa Clara Avenue in the City of Santa Ana he was rear-ended by a 2008 Jeep Patriot being driven by Norma Viveros. Plaintiff's friend, Ricardo Cervantes was also in the vehicle as a passenger. Defendant Norma Viveros failed to drive at a reasonable safe speed causing the collision. Based upon information and belief, Defendant Norma Viveros was the registered owner of the vehicle." Plaintiffs sought recovery of general damages, special damages including medical, incidental, and property expenses, and loss of earnings and earning capacity.

On March 5, 2019, defendant was personally served with the summons, complaint, statement of damages, and the alternative dispute resolution information package.

## II.

### DEFAULT AND DEFAULT JUDGMENT ARE ENTERED AGAINST DEFENDANT

On June 12, 2019, plaintiffs filed a request for entry of default and for judgment to be entered in their favor and against defendant in the amount of $260,475. The clerk entered defendant's default that same day. On July 24, 2019, plaintiffs filed a second request for entry of default and a court judgment against defendant in the amount of $260,475.

Each of the plaintiffs filed a declaration in support of the request pursuant to Code of Civil Procedure section 585, subdivision (d). Flores Rodriguez's declaration reiterated the allegations of the complaint. He stated in his declaration that, as a result of the accident, he suffered injuries to his neck, upper back, low back, and left knee, and also suffered property damage to the Scion TC in the amount of $554.76. He requested that default judgment be entered in his favor and against defendant in the total amount of $260,475 based on $60,000 for special damages, general damages of $200,000, and costs of $475 consisting of $40 for service of process, and $435 for the complaint filing fee.

In his declaration, Cervantes similarly reiterated the allegations of the complaint. Cervantes stated he sustained injuries to his neck and low back and also stated he suffered bilateral foot pain and headaches. Cervantes further stated he incurred medical expenses in the total amount of $3,134 and that the property damage to the 2005 Scion TC was in the amount of $554.76. He requested entry of a default judgment in his favor and against defendant in the same amount requested by Flores Rodriguez.

Plaintiffs also each filed an identical statement of damages stating each sought to recover $200,000 in general damages ($100,000 for pain, suffering, and inconvenience, and $100,000 in emotional distress); $25,000 in medical expenses; $25,000 in future medical expenses; $5,000 in loss of earnings to date, and $5,000 in property damages with a reservation of the right to pursue punitive damages.

In a minute order dated July 26, 2019, the trial court stated it had received, read, and considered the plaintiffs' default judgment package and ruled as follows: "Here, Plaintiffs' evidence fail[s] to prove the full amount of damages sought. For instance, Plaintiffs seek[] $25,000 in medical expenses to date. However, the evidence submitted fails to prove that amount of damages, and only proves $6,527. [Citations.] Plaintiffs also seek[] $25,000 in future medical expenses. However, Plaintiff Flores Rodriguez has not shown damages of future medical expenses. [Citations.] His declaration indicates that he had follow-up appointments with doctors through 12/7/2016, and then was discharged from further active medical care. [Citations.] Plaintiff Cervantes has not shown the full amount of damages sought for future medical expenses. Rather, Dr. Dirakoff's report gives a list of possible future medical care, showing reasonably necessary future medical expenses of $7,200. [Citations.] His declaration indicates that he had follow-up appointments with doctors through 1/23/2017. [Citation.] Plaintiffs seek $5,000 in property damage. But, they only incurred $554.76 in property damages. [Citations.] They seek $5,000 in past los[t] earnings, but have provided no evidence of los[t] earnings. Finally, Plaintiffs seek $100,000 for pain, suffering, and inconvenience and another $100,000 for emotional distress, which do not appear to be a reasonable amount based on the evidence submitted.

"Accordingly, the Court finds special damages in the amount of $14,281.76 and general damages in the amount of $20,000, for a total of $34,281.76. Plaintiffs are awarded $475 in costs."

That same day, judgment by default was entered for plaintiffs and against defendant in the total amount of $34,756.76 ($34,281.76 in damages and $475 in costs).

## III.

### DEFENDANT MOVES TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

Only a little over four months after entry of judgment, on December 3, 2019, defendant filed a motion to set aside the default and default judgment under

4

section 473(b) on the ground that the default and default judgment were entered as a result of defendant's mistake, inadvertence, surprise, and excusable neglect. Defendant's motion was supported by her declaration in which she stated that she had not been involved in the October 26, 2016 accident; she was neither the driver nor the owner of any involved vehicle; and she did not witness the accident. In her declaration, defendant explained that her daughter, Maria Rosario Jaime, told her that on October 26, 2016, Jaime had been involved in an automobile accident while she was driving a 2008 Jeep Patriot (the Jeep); the Jeep is owned by Jaime and defendant's other daughter. Defendant is not a registered owner of the Jeep, but she is, however, the named insured on the insurance policy that provides coverage for the Jeep and Jaime.

Defendant admitted in her declaration that she had been served with the summons and complaint on March 5, 2019, but stated she did not know what the papers were for because she had not been involved in a car accident, she had not previously been a party to a lawsuit and was unfamiliar with the process, she did not own any vehicle involved in a car accident, and she was not fluent in English. She concluded her name had been included in the documentation by mistake. Defendant stated she did not understand the importance of being served with the summons and complaint or the necessity that she timely file an answer notwithstanding her belief that she had been sued in error.

Defendant further stated in her declaration that she called her insurance company to ask about the paperwork she had received and left a message for the adjuster who did not call her back. She did not follow up with her insurance company because she thought she had received the paperwork by mistake. She believed she had done all that she needed to do by calling her insurance company as soon as she had been served to inform them that she had received paperwork and that she had not been the driver or owner of a vehicle involved in the accident.

5

Defendant's declaration also stated that, after she was served with the summons and the complaint, she was never served with any additional documents in the case and she did not know that the default or the default judgment had been entered against her. Defendant stated she never received any phone calls from plaintiffs or their attorney informing her that her answer was overdue or that her insurance company was not handling the matter.

Defendant stated she first learned that a default judgment had been entered against her on August 30, 2019, when she received a letter from plaintiffs' attorney dated August 8, 2019, stating that plaintiffs had obtained a judgment against her and that she needed to start making payments.

Defendant's motion to set aside the default and default judgment was also supported by the declaration of defendant's attorney, who stated that her law office had been retained by defendant's insurance carrier to represent defendant in this lawsuit. Defendant's attorney stated that after she reviewed the file and spoke with defendant, on September 10, 2019, she contacted plaintiffs' attorney to discuss the matter and request that he stipulate to set aside the default. She also advised plaintiffs' counsel (via facsimile and voicemail) that defendant was neither the driver nor the owner of the vehicle involved in the accident. On September 13, 2019, she received an email from plaintiffs' counsel advising her that he would not stipulate to set aside the default and default judgment.

Defendant's attorney further stated that defendant's insurance carrier thereafter reached out to plaintiffs' counsel, offering to settle by paying the plaintiffs' bodily injury claims to avoid the necessity of filing the motion to set aside the default and vacate the default judgment. She further stated that plaintiffs had not yet taken any actions or incurred additional expenses to enforce the judgment such as recording an abstract of judgment.

6

As of the time such a motion to set aside the default and vacate the default judgment needed to be filed (the six-month deadline to seek an order setting aside the default was approaching), plaintiffs' counsel had not replied to the most recent settlement offer. Consequently, on December 3, 2019, defendant filed the motion to set aside the default and vacate the default judgment and for leave to file her proposed answer to the complaint, a copy of which was filed concurrently with the motion.

## IV.

### PLAINTIFFS' OPPOSITION

Plaintiffs filed an opposition to defendant's motion which was supported by the declaration of their attorney. In that declaration, plaintiffs' counsel questioned defendant's claim that she was not involved in the accident, stating, "[i]nterestingly, at the scene of the collision, the driver of the Jeep identified herself as Defendant Viveros. She supplied a proof of insurance form for the Jeep Patriot. [Citation.] Defendant Viveros was served at the same address that she identified at the scene."

Plaintiffs' counsel also stated that defendant's insurance company was "well aware" of plaintiffs' lawsuit "as far back as October 26, 2016 when they began to investigate the claim and obtain an estimate of repair for the Plaintiffs' vehicle." Plaintiffs' counsel stated that on November 16, 2016 and again on June 12, 2017, defendant's insurance company stated in correspondence "our insured Ms. Viveros was involved in an accident with your client." (Boldface and italics omitted.) In his declaration, counsel also stated that Brad Ellis, the sole adjuster in the case, stated in a letter dated November 15, 2016 that defendant had been involved in an accident on October 26, 2016 with plaintiff Flores Rodriguez. In that letter, a copy of which was attached as an exhibit to the declaration, Ellis stated that, based on the insurance company's investigation and biomechanical analysis of the information known at that time, it was highly unlikely Flores Rodriguez's claimed injury was caused by the accident.

7

# V.

## THE TRIAL COURT GRANTS DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND VACATE THE DEFAULT JUDGMENT.

In a minute order dated January 24, 2020, the trial court stated that after fully considering the parties' arguments and the evidence presented, defendant's motion to set aside the default and vacate the default judgment and for leave to file her proposed answer was granted. The minute order stated in part: "Defendant seeks discretionary relief to set aside the default and default judgment entered against her on the ground of excusable neglect, surprise, and mistake. Defendant admits she was properly served. But, she had limited English skills, and was under the impression that her name on the paperwork was a clerical error because she was not the driver nor the owner of the vehicle involved in the accident. She contacted her insurance carrier after receiving the paperwork, but received no response. She did not follow up because she believed that she had done all that she needed to do by calling her insurance company. [Citation.] She also argues that she was a legal naivete. [Citation.] Defendant's professed ignorance of the law does not constitute mistake, inadvertence, surprise or excusable neglect. On the other hand, her mistaken belief that calling her insurance [company] and leaving a message was sufficient to have her insurance company handle the matter, while weak, arguably falls within excusable neglect. [Citation.]

"Furthermore, the Court notes that Plaintiffs Jesus Flores Rodriguez and Ricardo Cervantes' prior counsel had been in contact with Defendant's insurance carrier and was even paid Flores Rodriguez $554.76 [*sic*] for damages to the vehicle. But, Plaintiff[s'] current counsel apparently did not provide to the insurance carrier notice of or a copy of the Complaint filed against Defendant. Plaintiffs assert that Defendant's insurance carrier was 'well aware of the case and there were multiple communications between the Defendant's insurance company and Plaintiff[s'] counsel.' [Citation.] But, the evidence provided by Plaintiffs does not support this assertion. While Defendant's

8

insurance adjuster may have been aware that Plaintiffs claimed that they had been injured from the accident, Plaintiffs['] communications with that adjuster all pre-dated the instant lawsuit. Plaintiffs provided no evidence to show that the insurance adjuster knew of this lawsuit prior to default judgment being obtained. [Citation.]

"Plaintiffs did not warn Defendant or her insurance carrier that they would request entry of default. Instead, Plaintiffs requested entry of default approximately three months after Defendant was served. [Citations.] 'The quiet speed of plaintiffs' attorney in seeking a default judgment without the knowledge of defendants' counsel is not to be commended.' (*Smith v. Los Angeles Bookbinders Union* (1955) 133 Cal.App.2d 486, 500.) As recently explained in *Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 135: 'In contrast to the stealth and speed condemned in *Bookbinders*, courts and the State Bar emphasize warning and deliberate speed. The State Bar Civility Guidelines deplore the conduct of an attorney who races opposing counsel to the courthouse to enter a default before a responsive pleading can be filed. [Citation.] Accordingly, it is now well-acknowledged that an attorney has an ethical obligation to warn opposing counsel that the attorney is about to take an adversary's default. [Citation.]' While Defendant was not represented, a warning to either Defendant or her insurance carrier does not appear to be any less warranted.

"Accordingly, the default entered on June 12, 2019 and default judgment entered on July 26, 2019 are hereby vacated. No later than February 5, 2020, Defendant shall electronically file her answer."

Plaintiffs appealed.

9

## DISCUSSION

## I.

### OVERVIEW OF RELEVANT LAW AND STANDARD OF REVIEW

"Section 473, subdivision (b) provides in pertinent part that '[t]he court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect,' provided relief is sought 'within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.'. . . [¶] '"[T]he provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits." [Citation.]' [Citation.] '[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default.'" (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 371-372.)

"'"Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted. [Citations.] In such situations 'very slight evidence will be required to justify a court in setting aside the default.'"'" (*Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 28.)

"'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.' [Citation.] '"[T]hose affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed."'" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257-258.)

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY GRANTING DEFENDANT RELIEF FROM DEFAULT AND DEFAULT JUDGMENT AND LEAVE TO FILE THE PROPOSED ANSWER.

In support of her motion, defendant produced evidence that default and default judgment were taken against her through her mistake and excusable neglect within the meaning of section 473(b).  In her declaration, defendant explained that although she was served with service of process in this action, she believed it was a mistake and inconsequential because neither she, nor a vehicle she owned, had been involved in a car accident.  Defendant's daughter told her that she had been in a car accident while driving a car covered by defendant's insurance.  Defendant further explained that she mistakenly believed that, by notifying her insurance company that she had been served with the summons and complaint in a lawsuit for a car accident in which she was not involved, she had no further action item in the matter.

The record shows that upon learning that default and default judgment had been taken against her, defendant, through her attorney, contacted plaintiffs' counsel within 11 days of defendant receiving such notice, explained the mistake, and attempted to resolve the matter informally.  When settlement discussions failed, defendant timely filed her motion within six months of the date the clerk entered her default.  The record does not show plaintiffs suffered any resulting prejudice.  The trial court did not abuse its discretion by concluding default and default judgment had been entered against defendant through her excusable neglect and that she sought relief within a reasonable time, or by thereafter granting defendant's motion.

## III.

### PLAINTIFFS' ARGUMENTS ARE WITHOUT MERIT

In their appellate briefs, plaintiffs argue defendant was not diligent because she did not file her motion for three months after being notified of the entry of default

11

judgment. It is undisputed that during that time period, however, defendant's counsel was in communication with plaintiffs' counsel to explain defendant's mistake and to request that plaintiffs' counsel stipulate to setting aside the default and default judgment. After plaintiffs' counsel declined to so stipulate, defendant's insurance company engaged in settlement negotiations with plaintiffs' counsel. When the six-month mandatory statutory time frame for filing a motion to set aside the default and default judgment was close to ending, and the parties had not yet reached a settlement agreement, defendant filed her motion. This is not a case in which the defaulting defendant failed to take any action for an undue length of time before seeking relief. The record therefore supports the trial court's finding that defendant acted diligently and reasonably in seeking relief from the default and default judgment.

Plaintiffs also argue that the trial court erred in granting the motion because defendant was not credible and her motion was not supported by any declaration from the adjuster, a representative from her insurance company, or from her daughter. Plaintiffs argue that the evidence therefore fails to establish whether "the insurance company's failure to act was due to excusable neglect." Plaintiffs' arguments, which essentially challenge the sufficiency of the evidence, are without merit for several reasons.

First, plaintiffs misapprehend the applicable legal standard and standard of review. As discussed *ante*, very slight evidence is required to justify an order granting a motion to set aside a default and default judgment. Defendant's declaration was sufficient to establish the facts explaining her mistake in failing to respond to the summons and complaint. No further evidence was necessary to support her motion.

Second, plaintiffs ignore that the complaint is alleged against defendant alone. The complaint does not name defendant's insurance company or daughter as defendants and no default was taken against either of them. Whether they acted reasonably or diligently is not relevant to the issue before us. Plaintiffs' reliance on *Don v. Cruz* (1982) 131 Cal.App.3d 695 (*Don*) is misplaced. In *Don*, the appellate court held

12

the trial court did not abuse its discretion by *denying* a motion to set aside the default taken against the defendant which was solely based on defendant's statement "that he had notified his insurance carrier of the accident and of the service of process and had relied upon the carrier to defend the action" but the carrier inexplicably did not file an answer. (*Id.* at p. 700.)[1] Here, we review whether the trial court abused its discretion by *granting* relief, not based on defendant's tender of a lawsuit to her insurance company for a defense, but based on her mistaken belief that she had resolved the error of her being included in the summons and complaint by leaving a message for her insurance company that she had received those documents but had not been involved in the underlying accident. We conclude the trial court did not abuse its discretion.

Third, inherent to the trial court's order is the implied finding that, at least in relevant part, the trial court found defendant's and her counsel's declarations in support of the motion to be credible. "Credibility is an issue for the fact finder, and we do not reweigh or reassess the credibility of witnesses." (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 492 [in affirming order granting relief under section 473(b), appellate court held "we defer to the trial court's implied finding of credibility and reject

---

[1] In *Rogalski v. Nabers Cadillac* (1992) 11 Cal.App.4th 816, 820-821, a panel of this court criticized *Don, supra*, 131 Cal.App.3d 695: "*Don* analogized the relationship between the insured and its carrier to the relationship between a litigant and his or her attorney, noting the general rule is that an attorney's inexcusable negligence is usually charged to the client and the client is relegated to a malpractice action against the attorney. In short, under the reasoning of *Don*, Nabers's only hope for relief lies in its bad faith action against Golden Eagle. [¶] Preliminarily, we note that since *Don* was decided the Legislature has made a *very* significant amendment to section 473 which makes its reasoning questionable as applied to this case. Under the new statute the client is no longer charged with the inexcusable negligence of his or her attorney. . . . When a default is the attorney's fault the court must grant a timely noticed motion for relief. The only limitation is when the court finds the default was not in fact the attorney's fault, for example when the attorney is simply covering up for the client." (But see *Scognamillo v. Herrick* (2003) 106 Cal.App.4th 1139, 1149, 1150 [disagreeing with *Rogalski* that *Don* is no longer viable authority].)

Greyhound's apparent attempt to encourage us to make a different credibility determination"].)  The record does not show defendant lacked credibility as a matter of law.  That plaintiffs produced evidence showing the assigned adjuster of defendant's insurance carrier made statements that defendant was the driver in the accident involving a car that she owned shows, "[a]t best, the record discloses evidence that gives rise to '"conflicting reasonable inferences, one of which supports the findings of the trial court."'"  (*Ibid.*)

Plaintiffs also argue the trial court erred by overruling their evidentiary objections to the 2018-2019 registration card for the Jeep which was attached as an exhibit to defendant's declaration.  Plaintiffs argued such evidence lacked foundation and was irrelevant because the accident occurred in 2016.  We do not need to decide whether the trial court's evidentiary ruling was error because any such error would be harmless; plaintiffs do not contend otherwise.

Finally, plaintiffs argue the trial court erred by concluding that plaintiffs were required to give defendant, her attorney, or her family notice before they requested entry of default against her.  The trial court's minute order shows the court found defendant's mistake in believing she only needed to alert her insurance company that she had been served with the summons and complaint constituted excusable neglect within the meaning of section 473(b).  In the minute order, the court thereafter noted that, contrary to plaintiffs' arguments, no evidence before the court showed the adjuster of

14

defendant's insurance company, or other representative, was aware that this action had been filed before default judgment was entered against defendant.[2]

The court also noted in its minute order that attorneys have an ethical obligation to warn opposing counsel of an intent to take a default. (See *Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 137 ["The ethical obligation to warn opposing counsel of an intent to take a default is now reinforced by a statutory policy that all parties 'cooperate in bringing the action to trial or other disposition'" and "[q]uiet speed and unreasonable deadlines do not qualify as 'cooperation' and cannot be accepted by the courts"].)

The trial court acknowledged that, in the instant case, defendant was not represented by counsel until after the default judgment was entered against her. The trial court stated, however, that particularly given plaintiffs' ongoing communications with defendant's insurance company since shortly after the accident occurred in 2016, providing a warning to either defendant or her insurance carrier before filing this action was not any less warranted from an ethical standpoint. We agree with the trial court. That being said, contrary to plaintiffs' statement in their opening brief, the minute order

_____

[2]  In their appellate briefs, plaintiffs cite their attorney's declaration which stated that defendant's insurance company "was well aware of *this action as far back as October 26, 2016* when they began to investigate the claim and obtain an estimate of repair for the Plaintiffs' vehicle. [See Ex. 8]." (Italics added and boldface omitted.) Exhibit 8 to the declaration is a notice dated October 26, 2016 from Infinity Insurance Company to Flores Rodriguez. Plaintiffs' attorney's declaration also said, "the adjuster Brad Ellis . . . too had knowledge of the lawsuit and claims being made." The only exhibit to the declaration involving Ellis was his October 26, 2016 letter to plaintiffs' prior counsel stating that plaintiffs' claimed damages were not supported by the insurance company's investigation. These cited 2016 communications could not show that the insurance company and the adjuster had knowledge of the instant lawsuit before default judgment was entered because the complaint in this case, filed on behalf of plaintiffs by their current counsel, was not filed until 2018. This point was made by the trial court in its minute order; plaintiffs fail to address it in their appellate briefs. The trial court, therefore, was well within its discretion to disregard such statements in plaintiffs' attorney's declaration.

15

does not state that defendant's motion was granted *because* plaintiffs' counsel did not provide such notice.

## DISPOSITION

The order granting the motion to set aside the default and vacate the default judgment and for leave to file the proposed answer is affirmed. Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

16